## Hydraulic Engineering Works, Defendant in Error, v. George B. Williams, Plaintiff in Error.

### Gen. No. 21,173.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in this court at the March term, 1915. Reversed and judgment here. Opinion filed December 6, 1915.

### Statement of the Case.

Action by the Hydraulic Engineering Works, a corporation, plaintiff, against George B. Williams, defendant, in the Municipal Court of Chicago, to recover for repairing an automobile belonging to defendant.

To reverse a judgment for plaintiff for $160.93, defendant prosecutes this writ of error.

Defendant delivered his automobile to one Richter for repair. Richter had theretofore repaired the same automobile for defendant. The evidence showed that Richter did some work on the automobile and then took it to the shop of plaintiff and asked him to finish the job, which it did. Defendant had an agreement with Richter to do the repair work on the automobile for $200. Defendant offered to prove that he had paid Richter the contract price for making the repairs.

HARVEY T. FLETCHER and BUNGE & HARBOUR, for plaintiff in error.

McARDLE & McARDLE, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. CONTRACTS, § 377*—*when evidence of payment to another inadmissible.* In an action to recover for repairing an automobile, where the only question involved is the fact of a contractual relation between plaintiff and defendant, evidence is incompetent that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant had paid the contract price for such repairs to a person with whom defendant had a contract therefor, and that such third person had turned the work over to plaintiff after partially completing it.

2. Contracts, § 385*—*when evidence insufficient to show contractual relation.* In an action to recover for repairing an automobile, where the only question at issue was the privity of contract between plaintiff and defendant, judgment for plaintiff *held* not sustained by the evidence.